UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY-THOMAS: SMITH,<br><br>       Plaintiff,<br><br>  v.<br><br>MATTHEW LANGFORD, et al.,<br><br>       Defendants. | No.  2:14-cv-1916 JAM GGH PS<br><br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

     Plaintiff is proceeding pro se in this action, referred to the undersigned pursuant to Local Rule 302(c)(21).  Defendant Hewitt Enterprises, Inc.'s, (dba LJ's Towing) motion to dismiss is presently noticed for hearing on the February 19, 2015, law and motion calendar of the undersigned.  Opposition to motions, or a statement of non-opposition thereto, must be filed fourteen days preceding the noticed hearing date.  E.D. Cal. L. R. 230(c).  Court records reflect that plaintiff failed to file opposition or a statement of non-opposition to the motion.

     Failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L. R. 110; see Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Additionally, "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition

///

///

to the motion has not been timely filed." E.D. Cal. L. R. 230(c).[1]  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds* by Lacey v. Maricopa County, 693 F.3d 896, 925 (9th Cir. 2012); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986).  The Local Rules specifically provide that cases of persons appearing in propria persona who fail to comply with the Federal and Local Rules are subject to dismissal, judgment by default, and other appropriate sanctions.  E.D. Cal. L. R. 183.

Plaintiff has been previously warned of the consequences of failure to comply with the Local Rules in regard to the CHP defendants.  If plaintiff is unable to meet court deadlines, he is required to file a request for extension of time.  See E.D. Cal. L. R. 144.  Ex parte requests for extensions of time are usually only granted with the first such request.  Id., subd. (c).  Plaintiff is informed that failure to request extensions in future or seek an extension on stipulation will result in sanctions, including monetary sanctions.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of February 19, 2015 is vacated.[2]

2. Plaintiff shall show cause in writing, no later than February 26, 2015, why sanctions should not be imposed for failure timely to file opposition or a statement of non-opposition to the pending motion.

3. Plaintiff is directed to file opposition, if any, to the motion, or a statement of non-opposition thereto, no later than February 26, 2015.  Failure to file opposition, or to file a statement of non-opposition, will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed.

Dated: February 10, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, failure to appear at hearing may be deemed withdrawal of opposition to a motion or may result in sanctions.  E.D. Cal. L. R. 230(i).

[2] If the court deems oral argument is needed, it will reschedule the hearing at a later date.